IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**FREDERICK MAGEE, JR.**                                                                **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO.: 2:23-cv-64-KS-MTP**

**THE BANK OF NEW YORK MELLON
CORPORATION, F/K/A THE BANK OF
NEW YORK; SHELLPOINT MORTGAGE SERVICING
DBA; RUBIN LUBLIN, LLC; AND JOHN DOES 1-9**                    **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This cause comes before the Court on Defendant Shellpoint Mortgage Servicing's Motion

to Dismiss [2]. Plaintiff has filed a Response [6], and Shellpoint Mortgage Servicing ("Shellpoint")

has filed a Reply [8]. Having reviewed the parties' submissions, the relevant rules and legal

authorities, and otherwise being duly advised on the premises, for the reasons set forth herein, the

Court finds that the motion is well taken and will be granted.

**I. BACKGROUND**

This case arises from a Deed of Trust executed on November 21, 2007.  Plaintiff sued three

separate defendants in state court, and Shellpoint removed the action, with the consent of the other

Defendants, on April 28, 2023. [1].  Soon thereafter, Shellpoint filed the instant Motion to Dismiss

for failure to state a claim, mainly because Plaintiff has failed to specify the actions of individual

defendants making it a "shotgun pleading."

**II. DISCUSSION**

In the underlying fact section of Plaintiff's Complaint, Plaintiff alleges that he "executed

and delivered a Deed of Trust to Jim Walter Homes, Inc. . . . ."  [1-2] at ¶ 10.  He also alleges that

the Deed of Trust went through a series of assignments, ultimately being assigned to the Bank of

New York Mellon, as trustee for Mid-State Capital Trust on June 2, 2006. *Id*. at ¶ 11.[1]  Plaintiff further alleges that throughout this time, Plaintiff "attempted to maintain his mortgage, but payments were lost and when he demanded a payment history, no one was able to tell him the status of his loan." *Id.*  Plaintiff then alleges that "the holder of the Deed of Trust attempted to conduct a foreclosure sale despite their failure to properly advise their customer according to his rights under the FDCP Act." *Id.*  Plaintiff had earlier alleged:

> At all material times, BNY Mellon, Shellpoint Mortgage Servicing DBA and Rubin Lublin, LLC, its principals and agents, acted jointly with respect to the acts or steps taken by each and/or both of them in connection with the events described herein for a common goal to carry out the wrongful pattern of conduct and practices as alleged, which inured to their benefit and to the detriment of plaintiff.

[1-2] at ¶ 7.  That is the extent of the substantive allegations.

Plaintiff's Complaint then contains two counts. Upon the Court's review of the pleading, it appears that in Count I, Plaintiff contends that the Defendants failed to record his mortgage payments, thereby breaching the contract and the implied duty of good faith and fair dealing.[2] [1-2] at ¶¶ 12-13.  Count II seems to attempt to state a claim for perhaps a violation of the Fair Debt Collection Practices Act ("FDCPA"), breach of contract, conversion, and bad faith—given that references to those terms are scattered throughout Count II. *Id.* at ¶¶ 16- 20. The Complaint seeks declaratory and injunctive relief, an unspecified amount of damages, costs, and attorneys' fees. *Id.* at p. 5.

### A. Legal Standard

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each

---

[1] Although the Complaint contains the date "2006," the Court assumes this is a typo and should perhaps read "2016."
[2] Plaintiff also mentions a mishandling of the "attempted foreclosure sale" and a "failure to allow for the rights of the Plaintiff."[1-2] at ¶ 13.  However, it is unclear what cause of action is being stated in that regard.

claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[3]

The Rules allow a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in a plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *See Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012).

To withstand a motion brought under Rule 12(b)(6), a complaint must plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Although a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). However, "while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

**B. Analysis**

Shellpoint contends that Plaintiff has failed to state a claim against it because Plaintiff's Complaint does not allege facts that support a cause of action against it, as there are no facts directed specifically at Shellpoint, but rather lumps all Defendants together whom Plaintiff alleges engaged in wrongful conduct. Plaintiff does not address the adequacy of his pleadings in this regard, but rather argues that he has adequately stated a claim for breach of contract and Plaintiff contends he cannot provide more specificity without discovery.

---

[3] Although the case was filed in state court, the Fifth Circuit has clarified that a Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard as stated herein. *See Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 204 (5th Cir. 2016).

### 1. Shotgun Pleadings

In adequately stating a claim against a defendant, a plaintiff may not employ shotgun pleadings. "Quintessential' shotgun pleadings . . . fail to distinguish between the actions of named defendants." *Sahlein v. Red Oak Capital, Inc.*, No. 3:13-CV-00067-DMB-JM, 2014 WL 3046477, at *3 (N.D. Miss. July 3, 2014) (internal quotation omitted). Rather, they "lump all Defendants together and make no differentiation between Defendants as to any action taken" with respect to a claim. *Slocum v. Allstate Ins. Co.*, No. 2:19- cv-153-KS-MTP, 2020 WL 428021, at *6 (S.D. Miss. Jan. 27, 2020); *see also Sahlein*, 2014 WL 3046477, at *3-4 (dismissing complaint where "numerous paragraphs in the complaint attribute[d] discrete actions . . . to all or multiple defendants without explaining the basis for such grouping or distinguishing between the relevant conduct of the named Defendants").

In addition, shotgun pleadings violate Federal Rule of Civil Procedure 8(a)(2). *Rush v. STIHL, Inc.*, No. 3:17-CV-915-DPJ-FKB, 2020 WL 1276103, at *7 n.5 (S.D. Miss. March 17, 2020); *see also Griffin v. HSBC Mortg. Svcs., Inc.*, No. 4:14-cv-00132-DMB-JVM, 2015 WL 4041657, at * 5 (N.D. Miss., July 1, 2015) (explaining that shotgun pleadings are objectionable and violate FRCP 8 because they render claims "indeterminate" and "significantly impair[]" defendant's ability to defend against them). They also "waste scarce judicial resources, inexorably broaden the scope of discovery . . . and undermine the public's respect for the courts." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).

The Court finds that Plaintiff's Complaint fails to comply with the pleading standard because the Court finds that Plaintiff has indeed lumped all Defendants together, regardless of any general allegation that the Defendants "acted jointly," which is merely conclusory.  There are simply no factual  allegations—like those detailing the who, what, when, where, and why—that

could bring those conclusory allegations of wrongdoing beyond the speculative level. There are

no well-pleaded allegations against Shellpoint for the Court to accept as true. In short, at no point

does the Complaint directly accuse Shellpoint of wrongdoing or prescribe any conduct to it. *See*

*Canopius US Ins., Inc. v. Nguyen*, No. 1:15-CV-87-KS-MTP, 2016 WL 320986, at *2 (S.D. Miss.

Jan. 26, 2016) (granting motion to dismiss where no factual allegations pled to support claim).

Plaintiff must provide Defendants with adequate notice of the claims against them. *See Faye v.*

*Miss. Dep't of Human Servs.*, No. 1:15cv429-HSO-JCG, 2016 U.S. Dist. LEXIS 105601, 2016

WL 4250417, at *3 (S.D. Miss. Aug. 10, 2016). For these reasons, the claims against Shellpoint

must be dismissed.

### 2. Specific Causes of Action

In addition to the shotgun pleading aspect of the Complaint, as to the causes of action

themselves, Plaintiff asserts in response that he has indeed stated a breach of contract claim against

Shellpoint. Plaintiff asserts he has alleged the elements of a breach of contract claim by setting out

that the parties had a contract in the Deed of Trust; that the plaintiff in an attempt to maintain his

account, asked for an accounting but no one gave him one; and that the Defendants commenced

foreclosure proceedings, which evidences their breach of the contract and causes the plaintiff

monetary damages by increasing his costs. However, the Court disagrees.

There are no factual allegations that would bind Shellpoint under the Deed of Trust. The

document is not attached to the Complaint, and so it is uncertain who the actual parties to the

contract are.  There are no allegations of what role Shellpoint even plays in the transaction at issue.

As Defendant argues, the Complaint relies too heavily on legal conclusions like "illegal processing

and handling of funds," "breach of contract," and "illegal foreclosure."  While "legal conclusions

can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*,

556 U.S. at 678-79.  As such, Plaintiff has failed to state a claim for breach of contract against Shellpoint.

To the extent the Complaint intends to assert claims for violation of the FDCPA, breach of contract, conversion, and bad faith, Plaintiff wholly fails to address how the Complaint states a claim.  The Court finds that the Complaint fails to allege even the most basic elements of those claims—let alone against Shellpoint specifically. Plaintiff's failure to address those claims supports dismissal. *See Fried Alligator Films, LLC v. New York Life Ins. Co.*, No. 4:16-CV-175-DMB- JMV, 2017 WL 4355825, at *5 (N.D. Miss. Sept. 29, 2017) ("the failure to raise an argument in response to a motion to dismiss operates as a waiver of such argument").

Plaintiff acknowledges his Complaint may lack specificity, but he contends the details of these transactions are in the records of the defendants which they should have to provide in discovery. Unfortunately, that is not how pleading works. Plaintiff cannot engage in costly discovery to support its claims. It must do so at the outset or face dismissal.[4] *Clark v. Thompson*, 850 F. App'x 203, 213 (5th Cir. 2021) (noting that the courts will not "allow [a plaintiff] to embark on an unjustified fishing expedition against [a defendant] to discover facts that might have justified proceeding beyond the Rule 12(b)(6) stage if they had been alleged at the outset"). Therefore, the Motion to Dismiss will be granted.

---

[4] Notably, Plaintiff has attempted to add more factual basis in his Response [6].  However, claims and supporting factual allegations must be raised in a Complaint; it is not enough to present supporting factual allegations in a response to a motion to dismiss. *See Cevallos v. Silva*, 541 Fed. App'x. 390, 393-94 (5th Cir. 2013) ("Even if [plaintiff's] Response stated a claim for relief cognizable under *Twombly*, the complaint must contain either direct allegations on every material point necessary to sustain recovery or contain allegations from which an inference may be fairly drawn that evidence will be introduced at trial*."); see also Cutrera v. Bd. of Sup'rs of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion ... is not properly before the court.").

### 3. Leave to Amend

Plaintiff has not yet filed an Amended Complaint and has specifically requested the opportunity to replead in response to Defendant's motion. This Court frequently allows parties an opportunity to amend and correct pleading deficiencies after it has addressed a motion under Rule 12(b)(6) or 12(c).[5] *See, e.g., Mowdy v. Huntingdon Ingalls Inc.*, 2020 WL 1867989, at *3 (S.D. Miss. Apr. 14, 2020); *Ducksworth v. Rook*, 2015 WL 737574, at *6 (S.D. Miss. Feb. 20, 2015); *Pardue v. Jackson County, Miss.*, 2015 WL 1867145, at *6 (S.D. Miss. Apr. 23, 2015). Even though some claims may not be cured by repleading, some may, and Plaintiff shall have an opportunity to re-plead his claims. However, this must be done without the benefit of discovery. Accordingly, Plaintiff may file an Amended Complaint within fourteen (14) days of the entry of this order.

## III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Shellpoint Mortgage Serving's Motion to Dismiss [2] is **GRANTED**. The claims against Shellpoint are dismissed without prejudice to filing an Amended Complaint within fourteen (14) days.

SO ORDERED AND ADJUDGED this 17th day of July 2023.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE

---

[5] Defendant argues that Plaintiff should not have leave to amend, however, the Court sees no reason to dismiss the case with prejudice as such is a harsh remedy.