IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**FREDERICK MAGEE, JR.**                                                                            **PLAINTIFF**

**v.**                              **CIVIL ACTION NO.: 2:23-cv-64-KS-MTP**

**THE BANK OF NEW YORK MELLON
CORPORATION, F/K/A THE BANK OF
NEW YORK; SHELLPOINT MORTGAGE
SERVICING DBA; RUBIN LUBLIN, LLC; and
JOHN DOES 1-9**                                                                **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* for case management purposes and for Plaintiff Frederick Magee, Jr.'s failure to comply with the Court's Order [24]. For the reasons set forth below, the undersigned recommends that Defendant Rubin Lublin, LLC, be dismissed from this action without prejudice.

## BACKGROUND

Plaintiff filed this lawsuit on March 7, 2023, in Walthall County Chancery Court. *See* [1-6]. There, Plaintiff filed his complaint against Defendants The Bank of New York Mellon, f/k/a The Bank of New York; Shellpoint Mortgage Servicing DBA ("Shellpoint"); Rubin Lublin, LLC ("Rubin"); and John Does 1-9. *Id.* On April 28, 2023, Shellpoint removed this matter to this Court. *See* Notice of Removal [1]. Plaintiff failed to serve Rubin prior to removal. *See* [1-6].

After Shellpoint removed, it moved to dismiss. *See* [2]. Though Shellpoint's Motion [2] was granted, the Court afforded Plaintiff an opportunity to file an amended complaint. *See* [9]. On August 14, 2023, Plaintiff filed his Amended Complaint [12] against the aforementioned Defendants, including Rubin. Still, Rubin remains unserved.

1

On December 1, 2023, the Court entered an Order to Show Cause [24], directing Plaintiff to file a written statement on or before December 15, 2023, setting forth why his claims against Rubin should not be dismissed for Plaintiff's failure to prosecute and timely serve process. To date, Plaintiff has not responded.[1]

## ANALYSIS

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "[T]he [90]-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants *newly added* in the amended complaint." *Fox v. United States*, 2012 WL 639915, at *1 (S.D. Miss. Feb. 27, 2012) (emphasis added).

Additionally, Federal Rule of Civil Procedure 41(b) authorizes this Court to exercise its discretion to dismiss an action "*sua sponte* for [a plaintiff's] failure to prosecute or comply with a court order." *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to … clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief … so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority).

---

[1] Plaintiff emailed chambers on December 15, 2023, to inform the Court that a proposed order to dismiss Rubin from this action "will be presented for consideration." But that email does not constitute a response to the Court's Show Cause Order [24], and no proposed order was submitted.

Despite the Court's Order [24], Plaintiff has not responded, and Rubin has not been served or appeared in this action—nearly eight (8) months since removal. As the 90-day period for serving Rubin has long since expired, and Plaintiff has failed to comply with the Court's Order [24], the claims against Rubin should be dismissed.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendant Rubin Lublin, LLC, be DISMISSED from this action without prejudice pursuant to Fed. R. Civ. P. 41(b).

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 20th day of December, 2023.

                                                    s/Michael T. Parker
                                                    United States Magistrate Judge